UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION DIVISION

United States District Court
Southern District of Texas
FILED

JUN _ 8 2000

Michael N. Milby, Clerk

UNITED STATES OF AMERICA, §
§
versus § Civil Action C-00-78
§
Paul Woods §

# Motion for Default Judgment

The United States of America moves for default judgment.

1. Woods was served pursuant to the Federal Rule of Civil Procedure. The proof of service is filed with the court.

2. Woods has not filed an answer or otherwise defended the suit.

3. The debt owed the United States is:

| | | |
|---|---|---|
| A. | Principal as of February 24, 1999: | $5,588.30 |
| B. | Current interest | $3,934.66 |
| C. | Administrative, fees, costs, penalties | $0.00 |
| D. | Balance due as of February 24, 1999: | $9,522.96 |
| E. | Prejudgment interest accrues at 8.41% per annum, being $1.29 per day. | |
| F. | The current balance in 3A is after credits of $0.00 | |
| F. | Attorney's fees | $1,000.00 |

1.

Respectfully submitted

BENNETT & WESTON, P.C.

By: _____
J. Michael Weston
Texas Bar No. 21232100
SD Tex. No. 21538
Attorney in Charge
Charles I. Appler
Texas Bar No. 00788995
SD Tex. No. 23055
10670 N. Central Expressway, Suite 200
Dallas, Texas 75231
Telephone: (214) 691-1776
FAX: (214) 373-6810
Attorneys for the United States of America

**Certificate of Service**

I certify that a true copy of the Request for Entry of Default, Entry of Default, Motion for Default Judgment, and the proposed Default Judgment was sent to Paul Woods at 4922 Moody Drive Corpus Christi, TX 78416, by (1) certified mail, return receipt requested, No. 7099 3220 0000 4492 2494, and (2) regular, first class mail on the 5th day of June, 2000.

_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| *versus* | § | Civil Action C-00-78 |
| | § | |
| Paul Woods | § | |

## AFFIDAVIT

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned authority, on this day personally appeared J. Michael Weston, who upon being duly sworn by me did state as follows:

1. My name is J. Michael Weston. I am over the age of twenty-one years of age and am competent to give this Affidavit. I have personal knowledge of the facts stated herein.

2. I was licensed as an attorney by the State of Texas in 1975. I have practiced law in the State of Texas since that time. I am familiar with the instant action and have been involved in many similar cases in the past. I am familiar with legal fees in the State of Texas for cases of this nature.

3. In the course of my legal representation of clients, I have handled numerous collections cases for clients, and many of the cases, as in this case, involved suit for payment of a promissory note. Additionally, I am familiar with the collection of student loans on behalf of the United States of America.

4. Utilizing the factors found at Rule 1.04, Texas Disciplinary Rules of Professional Conduct, I note the following:

   a. This case is handled by our law firm on a contingency fee basis of 33.33% of all sums

collected, principal and interest.

b.  The nature of the case, collections, is not novel but our firm and the undersigned have the experience and skill to handle such cases on a large volume throughout the State of Texas, and that experience and skill is not customary in the legal profession. Additionally, our firm has developed an expertise for the handling of student loan collections, and this skill is not customary in the legal profession.

c.  The contingency fee of 33.33% is standard for collection matters such as the type presented to the Court in this instance.

d.  The fee actually paid to our firm is contingent upon the uncertainty of collection. In fact, many debtors against whom we file suit on behalf our clients never pay any moneys, and we collect no fees for such matters.

e.  Based on the time expended on collection matters, the percentage of sums collected and the fees generated on a contingency fee basis, the fee sought in this as a contingency fee basis reflects the time and labor required in such a matter.

5.  Based upon the above factors, I believe a customary, necessary and reasonable attorney's fee in this action is $1,000.00.

SWORN AND SUBSCRIBED to on June 2, 2000.

_____
Notary Public in and for the
State of Texas

My Commission Expires:



DIANA S. BRADLEY
MY COMMISSION EXPIRES
February 3, 2001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| *versus* | § § | Civil Action C-00-78 |
| Paul Woods | § | |

### Nonmilitary Declaration

I am making this declaration pursuant to 28 U.S.C. § 1746:

I am attorney for the plaintiff, United States of America in this lawsuit. It appears that the defendant, Paul Woods, has not been in military service for the United States subsequent to the date suit was filed.

This determination is based on an investigation of the Department of Education records, and the fact that all mail from this office to Paul Woods name has been sent to and received at a civilian address.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed June 2, 2000.

_____
Attorney for the Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION DIVISION

UNITED STATES OF AMERICA, §
§
*versus* § Civil Action C-00-78
§
Paul Woods §

DEFAULT JUDGMENT

Paul Woods failed to appear in this action after service.

It is adjudged that the United States of America recover from Paul Woods:

A. Principal of $9,522.96, plus

B. Prejudgment interest from February 24, 1999, at $1.29 per day until the date of judgment, plus

C. Attorney's fees of $_____ and all costs of court, plus

D. Post-judgment interest at _____% per annum.

Signed _____, 2000.

_____
United States District Judge